S. Samuel Di Falco, S.
In this proceeding to compel the production of a will allegedly executed by the decedent in June, 1959, the answer raises a question of the court’s jurisdiction in the matter, alleging that the decedent died a resident of Greene County. (Surrogate’s Ct. Act, § 45, subd. 1.) It appears from the evidence adduced at the hearing that the decedent and bier husband had resided in Greene County up to the time of the death of the decedent’s husband in 1959. The burden of showing a change of domicile is upon the petitioner, who alleges that it was changed. (Matter of Newcomb, 192 N. Y. 238, 250.) There was evidence that the decedent and his wife owned a Summer hotel in Greene County, that they spent the late Spring, Summer and early Fall at their home in the hotel, and that from October or November of each year until March or April of the next year they lived in New York City. They voted in Greene County in each of the years of 1954 through 1958. The testimony indicates that after the death of her husband, the decedent contemplated *810 selling the Summer hotel and renting an apartment in New York City. She made several inquiries respecting apartments. However, she did not find a suitable apartment, and her illness supervened. She lived at a hotel in New York City for a short time. She and her husband had previously taken rooms at that hotel during their sojourns in New York City. There is no evidence that she had any property of any kind or any clothing in her hotel room. There is no evidence at all respecting the period for which she rented the hotel rooms on her last visit to New York. During her stay in New York, she appears to have spent most of her time in hospitals. There is no evidence that would justify the finding that she had permanently relinquished her domicile in Greene County and had acquired a new domicile in New York.
The statement of New York residence in the will which she executed in New York is not sufficient to establish a change of domicile. Even if the statement were a deliberate one, it wuuld show at best only an intention to make a change of domicile. 1 ‘ While one’s statements may supply evidence of the intention requisite to establish domicile at a given place of residence, they cannot supply the fact of residence there.” (Texas v. Florida, 306 U. S. 398, 425; Matter of Newcomb, supra; Matter of Benjamin, 176 Misc. 518, 524, affd. 263 App. Div. 981, affd. 289 N. Y. 554.) There is not sufficient proof in the pending case to show that the decedent even formed a deliberate intention to change her domicile and no proof at all that she had in fact acquired a new home. The petition is therefore dismissed.